

2004 Decisions

Opinions of the United
States Court of Appeals
for the Third Circuit

7-21-2004

# LaMarch v. Walters

Precedential or Non-Precedential: Non-Precedential

Docket No. 03-2693

Follow this and additional works at: http://digitalcommons.law.villanova.edu/thirdcircuit_2004

Recommended Citation

"LaMarch v. Walters" (2004). *2004 Decisions.* Paper 476.
http://digitalcommons.law.villanova.edu/thirdcircuit_2004/476

This decision is brought to you for free and open access by the Opinions of the United States Court of Appeals for the Third Circuit at Villanova
University School of Law Digital Repository. It has been accepted for inclusion in 2004 Decisions by an authorized administrator of Villanova
University School of Law Digital Repository. For more information, please contact Benjamin.Carlson@law.villanova.edu.

NOT PRECEDENTIAL

UNITED STATES COURT OF APPEALS FOR THE THIRD CIRCUIT

No. 03-2693

BRIAN PAUL LAMARCH,
Appellant
v.

GILBERT WALTERS, SUPERINTENDENT;
THE DISTRICT ATTORNEY OF THE COUNTY OF CHESTER;
THE ATTORNEY GENERAL OF THE STATE OF PENNSYLVANIA

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil No. 02-cv-09374)
District Judge: Hon. Charles R. Weiner

Submitted Under Third Circuit LAR 34.1(a)
July 15, 2004

Before: SLOVITER, BARRY and WEIS, Circuit Judges

(Filed   July 21, 2004  )

OPINION OF THE COURT

SLOVITER, Circuit Judge.

Appellant Brian LaMarch appeals from the District Court's denial of his petition for a writ of habeas corpus. For the reasons set forth below, we will affirm.

**I.**

LaMarch's underlying conviction was preceded by three arrests. First, LaMarch was arrested after driving, while naked and masturbating, through a residential neighborhood where children were playing. The second arrest occurred after LaMarch drove his car alongside several female pedestrians entering and exiting stores at a shopping center. One pedestrian noted that LaMarch's chest and knee were bare, and his right hand was moving back and forth in his lap. LaMarch, who was without a shirt or underwear, was apprehended by an officer as LaMarch was buttoning his pants. The third arrest occurred after two female motorists noticed LaMarch, alone in his car, attempting to keep pace with their car on the highway. At a red light, LaMarch stopped next to them, despite having two car lengths of space in front of him, and stared at them. The women drove to a store, where an employee called the police because LaMarch had followed them and could be seen naked and circling the parking lot in his car. LaMarch then followed another female pedestrian in the parking lot, who saw him partially naked.

LaMarch was convicted by a jury of stalking, indecent exposure, and open lewdness. See 18 Pa. Cons. Stat. Ann. §§ 2709, 3127, 5901. LaMarch exhausted his appeals in state court and then petitioned for a writ of habeas corpus. His application was

denied, but he was granted a certificate of appealability. On appeal, LaMarch asserts that the trial court's jury instructions created a mandatory presumption of guilt in violation of the Due Process Clause of the Fourteenth Amendment.

## II.

We exercise plenary review of habeas petitions where the district court did not hold an evidentiary hearing. Moore v. Morton, 255 F.3d 95, 103 (3d Cir. 2001). We will not award Section 2254 relief unless the state adjudication "resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States." 28 U.S.C. § 2254(d)(1).

The Due Process Clause requires that the jury in a criminal trial must determine that the prosecution has proven every element of the offense beyond a reasonable doubt. In re Winship, 397 U.S. 358, 361-64 (1970). In order to convict LaMarch for stalking, the prosecution had to prove, inter alia, that he engaged in an unlawful "course of conduct" or "[a] pattern of actions composed of more than one act over a period of time, however short, evidencing a continuity of conduct." 18 Pa. Cons. Stat. Ann. § 2709(b), (f) (2000).

LaMarch contends that the court impermissibly lessened the prosecution's burden of proof when it delivered the following jury instructions:

> [I]n considering whether we have a course of conduct in this case, you may consider a number of factors such as the location of the contact, and in this case, you heard testimony that initial contact with the [female motorist] victims . . . occurred on Route 30 . . . and that they were stopped

3

by the stop light and that the allegations are that the defendant made contact with them and stared at them. That was one occasion.

You may consider that there were two traffic stops afterward at two different locations and that there was evidence of driving and following them and speeding. You may consider that all of those may be separate facts which constitutes [sic] a course of conduct evidencing an intent to cause emotional distress. You may consider these specific acts of the defendant on each of the different locations including the parking lot. And you may consider the passive versus aggressive behavior of the conduct to determine whether there is an intent, a desire to or not to bring about emotional distress to the victims.

App. at 315-16 (emphasis added). Appellant contends that the trial court impermissibly relieved the prosecution of its burden of proof because its instructions (1) directed a finding of fact that more than "one occasion" of misconduct had transpired, and/or (2) created a mandatory presumption that inappropriately lessened the prosecution's burden to prove that more than one occasion of misconduct had transpired.

Excerpts from jury instructions should not be considered out of context. "It is well established that the instruction 'may not be judged in artificial isolation,' but must be considered in the context of the instructions as a whole and the trial record." Estelle v. McGuire, 502 U.S. 62, 72 (1991) (quoting Cupp v. Naughten, 414 U.S. 141, 147 (1973)). We thus consider the context in which the jury instructions were given.

While charging the jury, the court repeatedly emphasized that the jury was the sole arbiter of the facts. App. at 298, 304. The court further clarified that the jury was "not bound by [the court's] recollection of the evidence" because the jury's "recollection and [the jury's] recollection alone [ ] governs this proceeding." App. at 299-300. Later, the

4

court again reiterated that "the jurors[ ] are the sole judges of the facts." App. at 316. In light of these explicit disclaimers, the jury was not required to find that the incident at the stop light constituted "one occasion."

We also note that the court repeatedly used the word "may." The court told the jury that it <u>may</u> consider that there were two traffic stops afterward the initial stop, that it <u>may</u> consider all of those acts to constitute a course of conduct, that it <u>may</u> consider the specific acts of the defendant on each of the different locations, and it <u>may</u> consider the passive versus aggressive behavior of the conduct. App. at 315-16. The court's permissive language does not approach the language of a mandatory presumption. Moreover, "[a] permissive inference violates the Due Process Clause only if the suggested conclusion is not one that reason and common sense justify in light of the proven facts before the jury." Francis v. Franklin, 471 U.S. 307, 314-15 (1985). In the instant case, it would not violate "reason and common sense" to conclude that there was more than one occasion and that LaMarch's actions constituted a course of conduct. The jury instructions thus did not violate the Due Process Clause.

## III.

For the foregoing reasons, we will affirm the denial of LaMarch's habeas petition.